IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELEGANT ANGEL, INC.,

      Plaintiff,

v.                                  CASE NO. 1:11-cv-00245-SPM-GRJ

DOES 1-115,

      Defendant.

_____/

## O R D E R

This matter is before the Court on Doc. 5, Motion for Leave to Take Discovery Prior to Rule 26(f) Conference by Elegant Angel, Inc.  The plaintiff has filed a complaint against one hundred fifteen (115) John Does who allegedly have obtained copies of plaintiff's copyrighted work without authorization through a file-swapping network.  The plaintiff requests leave to serve third party subpoenas on the defendant's Internet Service Providers (ISPs) to obtain defendants' names prior to a Rule 26(f) conference. In support of its request, the plaintiff states that the defendants cannot be identified without information from their respective ISPs, and such ISPs have limited retention periods for the relevant records.

In copyright infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity prior to a Rule 26(f) conference where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference. *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C.

2008) (noting the overwhelming number of cases where copyright infringement plaintiffs sought to identify Doe defendants and courts routinely applied the good cause standard to permit discovery).

In the instant case, the Court finds that there is good cause to grant the relief requested based upon plaintiff's necessity to serve subpoenas upon ISPs to ascertain the identity of the defendants in this case.

Accordingly, it is now **ORDERED** as follows:

1. Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Doc. 5, is **GRANTED**.

2. The plaintiff may conduct immediate discovery on the Internet Service Providers listed in Exhibit A to the Complaint with a subpoena under Federal Rule of Civil Procedure 45 seeking information sufficient to identify each Doe defendant, including name, current and permanent address, telephone number, e-mail address, and Media Access Control Address.

3. The plaintiff may serve a Rule 45 subpoena also upon any intermediary Internet Service Provider that may be identified in response to a subpoena as providing internet services to one or more of the Doe defendants.

4. If and when an Internet Service Provider is served with a subpoena, the Provider shall give written notice, which may include e-mail notice, to any affected subscribers within five business days, and such notice shall inform the subscribers of their right to challenge the subpoena in this Court.

**DONE AND ORDERED** this 23rd  day of November, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge